UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHATIA S. MATHIS, in her capacity as
the Personal Representative of the Estate
of WILLIAM MATHIS,

    Plaintiff,

v.

CYNTHIA McINNIS, ERIN BYRNE,
KIM FARRIS, CORIZON HEALTH, INC.,
QUALITY CORRECTIONAL CARE OF
MICHIGAN, P.C., and JOHN DOE
MEDICAL PROVIDERS,

    Defendants.
_____/

Case No. 2:21-cv-10734
District Judge Paul D. Borman
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT (ECF No. 15)**

I.  Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983 arising from the death of William Mathis.  *See* ECF No. 1.  Plaintiff Shatia S. Mathis (Mathis), as Personal Representative of the Estate of William Mathis, filed a motion for Clerk's entry of default against defendants Cynthia McInnis (McInnis) and Erin Byrne

1

(Byrne).[1] (ECF No. 15). Under 28 U.S.C. § 636(b)(1)(A), Mathis' motion was referred to the undersigned. (ECF No. 17). For the reasons that follow, the undersigned recommends that Mathis' motion be DENIED.

## II. Background

This case began when Mathis filed a complaint on March 31, 2021. (ECF No. 1). McInnis did not file an answer. As a result, Mathis filed a request for a Clerk's entry of default as to McInnis on July 7, 2021. (ECF No. 11). In the request, Mathis stated that she served the summons and complaint on McInnis on April 27, 2021, by certified mail. (*Id.*, PageID.62).

On July 8, 2021, the Clerk denied entry of default as to McInnis. (ECF No. 14). In the Notice of Denial, the Clerk explained that "[t]his is a prisoner civil rights case. A Clerk's entry of default will not be entered pursuant to 42 U.S.C. 1997 e(g)." (*Id.*, PageID.67).

On July 14, 2021, Mathis filed the instant motion for a Clerk's entry of default, arguing that this is not a prisoner civil rights case within the meaning of 42 U.S.C. § 1997e(g) because it was filed by Mathis, who is neither a prisoner nor an incarcerated person. The motion was referred to the undersigned on July 21, 2021.

---

[1] At a telephone conference on September 10, 2021, Mathis' attorney agreed to withdraw the motion as to Byrne. Accordingly, this Report and Recommendation will only address the motion as to McInnis.

2

(ECF No. 17). On July 26, 2021, the undersigned entered an order requiring a response by August 13, 2021. (ECF No. 18). McInnis responded to the motion on August 6, 2021. (ECF No. 27). Mathis did not file a reply. Accordingly, the motion is now ripe for consideration.

### III. Analysis

When a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the Clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Clerk's entry of default is "the first procedural step on the road to obtaining a default judgment." *Shephard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). The second step is to file a motion for default judgment against the nonresponsive party under Federal Rule of Civil Procedure 55(b).

Although a party must generally seek entry of default by the Clerk before filing a motion for default judgment, *see* Fed. R. Civ. P. 55(a)-(b), "in certain circumstances, the Court may, in a single order, order the Clerk to enter the default and enter default judgment." *August Res. Funding, Inc. v. Tricon Sec. Grp., LLC*, No. 2:18-cv-13529, 2019 WL 11718808, at *1 (E.D. Mich. Oct. 24, 2019); *see also Rehab Mgmt. Solutions, LLC v. Diversa Care Therapeutics, Inc.*, No. 11-11990, 2012 WL 3079053, at *2 (E.D. Mich. July 30, 2012) (concluding that in circumstances where the Clerk has not first entered a default, "a court has the

discretion to consider the motion for default judgment as a motion for entry of both default and default judgment."). "The Court is permitted to issue such an order when a party fails to defend itself and causes a halt in the adversary process." *August Res. Funding, Inc.*, at *1.

As noted above, the Clerk denied Mathis' request for entry of default, citing 42 U.S.C. § 1997e(g). This section provides:

> Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

Accordingly, in a typical prisoner civil rights case, a defendant need not file an answer. However, this is not a typical prisoner civil rights case because the case was initiated by a non-prisoner, Mathis, who is the Personal Representative of the Estate of William Mathis, a deceased prisoner. Section 1997e(g)(1) states that it applies to "action[s] brought by a *prisoner*." (emphasis added). "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). As Mathis was not herself a prisoner at the time this action was commenced, McInnis was not relieved of her

4

obligation to file an answer and the Clerk therefore improperly denied Mathis' request.

That said, the undersigned nonetheless concludes that it would be inappropriate to order the Clerk to enter a default against McInnis. In her response to Mathis' motion, McInnis explained that the summons and complaint were mailed to her house. (ECF No. 27, PageID.126). She then turned over the summons and complaint to the warden's administrative assistant at the prison. (*Id.*). The administrative assistant sent the summons and complaint to the secretary of the Michigan Department of Corrections' Office of Legal Affairs. (*Id.*). For reasons unknown, the summons and complaint were never processed by the secretary, and the secretary is no longer employed by the Office of Legal Affairs. (*Id.*). Once the Attorney General's office became aware of the lawsuit, it filed an appearance along with an answer and affirmative defenses on behalf of McInnis. (*Id.*, PageID.126-127; ECF No. 26). Moreover, the parties, including McInnis, have submitted a joint discovery plan (ECF No. 30) and the case is moving forward under a scheduling order. *See* ECF No. 31.

As a general matter, default judgment is disfavored because of the "strong preference for trials on the merits." *Shepard Claims Serv., Inc..*, 796 F.2d at 193. The Sixth Circuit cautions: "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co., Inc. v.*

*Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983); *see Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (enumerating factors a court should consider in evaluating motion for default judgment).

This is not an extreme case. After becoming aware of the instant case, the Attorney General's office quickly filed both an appearance and answer with affirmative defenses on behalf of McInnis. Further, it appears that any default on McInnis' behalf was inadvertent. Additionally, Mathis has neither alleged nor demonstrated any prejudice. Finally, the parties are moving forward in the case. Under these circumstances, the undersigned will not recommend that the Clerk enter default nor will she recommend the grant of default judgment.

## IV. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Mathis' motion for a Clerk's entry of a default against McInnis be DENIED.

Dated: September 15, 2021  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
  United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of

appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 15, 2021.

s/Marie E. Verlinde
MARIE E. VERLINDE
Case Manager

8