# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

SHATIA S. MATHIS, in her capacity
as the Personal Representative of the
Estate of WILLIAM MATHIS,

      Plaintiffs,

v

NURSE MCINNES, ERIN BYRNE,
KIM FARRIS, CORIZON HEALTH,
INC., d/b/a CORIZON OF
MICHIGAN; QUALITY
CORRECTIONAL CARE OF
MICHIGAN, P.C.; JOHN DOE
MEDICAL PROVIDERS,

      Defendants.

No. 2:21-cv-10734

HON. PAUL D. BORMAN

MAG. KIMBERLY G. ALTMAN

## STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

---

Solomon M. Radner (P73653)
Ven R. Johnson (P39219)
Johnson Law, PLC
*Attorneys for Plaintiff*
Buhl Building
535 Griswold Street, Suite 2632
Detroit, MI 48226
(313) 324-8300
sradner@venjohnsonlaw.com

Jonathan C. Lanesky (P59740)
Ronald W. Chapman (P37603)
Chapman Law Group
*Attorneys for Corizon Health Inc., Kim Farris, Quality Correctional Care of Michigan, P.C.*
1441 W Long Lake Rd, Suite 310
Troy, MI 48098
248-644-6326
myoung@chapmanlawgroup.com;
rchapman@chapmanlawgroup.com

James T. Farrell (P35400)
Assistant Attorney General
Mich. Dept. of Attorney General
*Attorney for MDOC Def McInnes*
MDOC Division
P.O. Box 30217
Lansing, MI 48909
517-335-3055
farrellj@michigan.gov

John J. Ramar (P36410)
Douglas I. Durfee (P56156)
Ramar & Paradiso, P.C.
Attorneys for Defendant Byrne
2151 Livernois Road, Ste. 300
Troy, MI 48083
(313) 965-4524
jramar@ramarparadiso.com
ddurfee@ramarparadiso.com

---/

## STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

This matter having come before the Court on the parties'
stipulation, the Court being fully apprised in the premises, IT IS
HEREBY ORDERED AS FOLLOWS:

1.   **Scope.**  All materials produced or adduced in this Court of this
action by all parties and the Michigan Department of Corrections
(MDOC), including during discovery, including responses to requests
for discovery, deposition testimony, exhibits, and information or
materials derived therefrom (collectively, "documents"), shall be
subject to this Order concerning Confidential Information or
Attorney Eyes Only Information as defined below.  This order is
subject to the local rules of this District and the Federal Rules of
Civil Procedure.

2.   **Confidential Information.**  As used in this order, "Confidential
Information" means documents, videos, or other material to the
extent they contain information designated as "CONFIDENTIAL –
SUBJECT TO PROTECTIVE ORDER" by the producing party or the
MDOC that falls within one or more of the following categories: (a)
information prohibited from disclosure by statute; (b) medical

2

information concerning any individual; (c) personal identity information; (d) personnel or employment records; or (e) impacts the safety and security of MDOC institutions and personnel. The "Confidential" designation shall apply only to those parts of materials that contain the above content.

3.   **Attorney Eyes Only Information.**  As used in this order, "Attorney Eyes Only Information" means documents or other material that contains information designated as "ATTORNEY EYES ONLY – SUBJECT TO PROTECTIVE ORDER" by the producing party or the MDOC that falls within the following categories: (a) presents a danger to the security interests of the Michigan Department of Corrections; (b) information that endangers public safety; or (c) information that reveals personal identifying information of an employee or former employee of the Michigan Department of Corrections, if the information fell into the hands of an inmate or former inmate of the Michigan Department of Corrections. The "Attorney Eyes Only" designation shall apply only to those parts of materials that contain the above content.

4.   **Designation**.

**(a)**     All parties and the MDOC may designate a document or video as Confidential Information or as Attorney Eyes Only Information under this order by placing informing counsel that the document or video is "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY EYES ONLY – SUBJECT TO PROTECTIVE ORDER," on the document or the transmittal letter or email.  As used in this order, "copies," includes electronic images, replicas, duplicates, extracts, summaries, or descriptions that contain the Confidential or Attorney Eyes Only Information.  Indicating that a document or video is "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY EYES ONLY – SUBJECT TO PROTECTIVE ORDER" does not mean that the document or video has any status or protection by statute or otherwise except to the extent and for the purposes of this order.

**(b)**     The designation of a document or video as Confidential or Attorney Eyes Only Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential or Attorney Eyes Only Information as defined in this order.

**5.    Protection of Confidential Information.**

4

**(a)**   **General Protections.**  Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

**(b)**   **Limited Party and Third-Party Disclosures.**  The parties, the MDOC, and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any person currently or formerly under the jurisdiction of the MDOC; copies of the records shall not be provided to or discussed with them without Defendants' permission granted pursuant to this order.  Additionally, the parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9).  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

> **(1) Counsel.**  Counsel for the parties, counsel for the MDOC, and employees of counsel who have responsibility for the action;

5

**(2) Parties.**  Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

**(3) The Court and its personnel**;

**(4) Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions;

**(5) Contractors.**  Those persons specifically engaged for the limited purpose of making copies of documents or videos, or organizing or processing documents or videos, including outside vendors hired to process electronically stored documents and videos;

**(6) Consultants and Experts.**  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

6

**(7) Witnesses.**  Witnesses in this action to whom disclosure
is reasonably necessary.  Witnesses shall not retain a copy of
documents and videos containing Confidential Information,
except witnesses may receive a copy of all exhibits marked at
their depositions in connection with review of the
transcripts.  Pages of transcribed deposition testimony or
exhibits to depositions that are designated as Confidential
Information pursuant to the process set out in this order
must be separately bound by the court reporter and may not
be disclosed to anyone except as permitted under this order;

**(8) Author or recipient.**  The author or recipient of the
document or video (not including a person who received the
document or video in the course of litigation); and

**(9) Others by Consent.**  Other persons only by written
consent of the producing party or upon order of the Court
and on such conditions as may be agreed or ordered.

**(c)     Control of Documents and Videos.**  Counsel for the
parties and the MDOC shall make reasonable efforts to prevent
unauthorized or inadvertent disclosure of Confidential

7

Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this order for a period of three years after the termination of the case.

**6.**  **Protection of Attorney Eyes Only Information.**

**(a)**  **General Protections.**  Attorney Eyes Only Information shall not be used or disclosed by counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

**(b)**  **Limited Third-Party Disclosures.**  Counsel for the parties and the MDOC shall not disclose or permit the disclosure of any Attorney Eyes Only Information to any third person or entity except as set forth in subparagraphs (1)-(8). Subject to these requirements, the following categories of persons may be allowed to review Attorney Eyes Only Information:

> **(1) Counsel.**  Counsel for the parties, counsel for the MDOC, and employees of counsel who have responsibility for the action;
>
> **(2) The Court and its personnel**;

8

**(3) Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions;

**(4) Contractors.**  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents and videos;

**(5) Consultants and Experts.**  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(6) Witnesses at depositions.**  Witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents or videos containing Attorney Eyes Only Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as

9

Attorney Eyes Only Information pursuant to the process set out in this order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this order;

**(7) Author or recipient.** The author(s) or recipient(s) of the document or video (not including a person who received the document in the course of litigation); and

**(8) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(c)** **Control of Documents.** Counsel for the parties and counsel for the MDOC shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Attorney Eyes Only Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this order for a period of three years after the termination of the case.

7. **Inadvertent Failure to Designate.** If a party or the MDOC fails to designate a document as Confidential or Attorney Eyes Only Information by mistake despite due care does not waive the

10

right to so designate the document or video.  If a party or the
MDOC designates a document or video as Confidential or
Attorney Eyes Only Information after it was initially produced,
the receiving party, on notification of the designation, must make
a reasonable effort to assure that the document or video is treated
in accordance with the provisions of this order.  No party or the
MDOC shall be found to have violated this order for failing to
maintain the confidentiality of material during a time when that
material has not been designated Confidential or Attorney Eyes
Only Information, even where the failure to so designate was
inadvertent and where the material is subsequently designated
Confidential or Attorney Eyes Only Information.

8.  **Filing of Confidential or Attorney Eyes Only Information.**
This order does not authorize the filing of any documents or videos
or other matter under seal.  Documents or videos or other matter
may be sealed only if authorized by statute, rule, or order of the
Court. A party seeking to file such items under seal shall file and
serve a motion or submit a proposed stipulated order that sets
forth

i.    the authority for sealing;

ii.   an identification and description of each item proposed for sealing;

iii.  the reason that sealing each item is necessary;

iv.   the reason that means other than sealing are not available or unsatisfactory to preserve the interest advanced by the movant in support of sealing;

v.    a memorandum of legal authority supporting sealing.

9.   **Challenges by a Party to Designation as Confidential or Attorney Eyes Only Information.**  The designation of any material or document or video as Confidential or Attorney Eyes Only Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a)   **Meet and Confer.**  A party challenging the designation of Confidential or Attorney Eyes Only Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  Counsel for the challenging party must (i) email counsel for the designating party to an address or addresses agreed upon in writing by counsel for the parties; (ii) telephone counsel for the designating party (leaving a voicemail if the counsel does

12

not answer); and (iii) send a letter via first class mail to counsel for the designating party.  In its email and letter, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within five (5) business days.  If the parties agree to the designation as part of this process, it shall remain in place.  If within ten (10) business days there is no resolution, Paragraph 10(b) shall apply.  Failure to do so shall remove the item from the protected category.

**(b)   Judicial Intervention.**  If a party or the MDOC elects to defend a confidentiality designation, they may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the designation.  The burden of persuasion in any such challenge proceeding shall be on the party seeking to maintain confidentiality.  Until the Court

rules on the challenge, all parties shall continue to treat the materials as Confidential or Attorney Eyes Only Information under the terms of this order.

10. **Action by the Court.**  Applications to the Court for an order relating to materials or documents designated Confidential or Attorney Eyes Only Information shall be by motion.  Nothing in this order or any action or agreement of a party or the MDOC under this order limits the Court's power to make orders concerning the disclosure of documents or videos produced in discovery or at trial.

11. **Use of Confidential or Attorney Eyes Only Documents or Information at Trial.**  Nothing in this order shall be construed to affect the use of any document, video, material, or information at any trial or hearing.  A party that intends to present or that anticipates that another party may present Confidential or Attorney Eyes Only Information at a hearing or trial shall bring that issue to the Court's and MDOC's attention by motion or in a pretrial memorandum without disclosing the Confidential or Attorney Eyes Information.  The Court may thereafter make such

14

orders as are necessary to govern the use of such documents or information at trial.

12. **Confidential or Attorney Eyes Information Subpoenaed or Ordered to be Produced in Other Litigation.**

**(a)**     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document or video designated in this action as Confidential or Attorney Eyes Only Information, the receiving party must so notify the MDOC, in writing, immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

**(b)**     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this order.  In addition, the receiving party must deliver a copy of this order promptly to the party in the other action that caused the subpoena to issue.  The receiving party shall not produce the Confidential or Attorney Eyes Only

15

Information without order from this Court or from another court of competent jurisdiction.

13. **Obligations on Conclusion of Litigation.**

   **(a)    Order Continues in Force.**  Unless otherwise agreed or ordered, this order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   **(b)    Obligations at Conclusion of Litigation.**  Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents and videos identified as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY EYES ONLY – SUBJECT TO PROTECTIVE ORDER" under this order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (i) the document or video has been offered into evidence or filed without restriction as to disclosure; or (ii) the recipient party elects to destroy the documents or videos and certifies to the producing party that it has done so.

   **(c)    Retention of Work Product and one set of Filed Documents.**  Notwithstanding the above requirements to return

or destroy documents and videos, counsel may retain (i) attorney

work product, including an index that refers or relates to

designated Confidential or Attorney Eyes Only Information so

long as that work product does not duplicate verbatim substantial

portions of Confidential or Attorney Eyes Only Information, and

(ii) one complete set of all documents and videos filed with the

Court including those filed under seal.  Any retained Confidential

or Attorney Eyes Only Information shall continue to be protected

under this order.

14. **Persons Bound.**  This order shall take effect when entered and

shall be binding upon all counsel of record and their law firms, the

parties, and persons made subject to this order by its terms.

**IT IS SO ORDERED.**


Dated:   December 20, 2021          s/Paul D. Borman
                                    HON. PAUL D. BORMAN
                                    U.S. District Court Judge

Stipulated to by:


Dated: December 7, 2021          */s/James T. Farrell*
                                    James T. Farrell (P35400)
                                    *Attorney for MDOC Def McInnes*

17

Dated: December 19, 2021          /s/Ayanna D. Hatchett (w/consent)___
                                  Ayanna D. Hatchett (P70055)
                                  Solomon M. Radner (P73653)
                                  Attorneys for Plaintiff


Dated: December 7, 2021           w/Jonathan C. Lanesky (w/consent)____
                                  Jonathan C. Lanesky (P59740)
                                  *Attorney for Corizon Health Inc., Kim*
                                  *Farris, Quality Correctional Care of*
                                  *Michigan*


Dated: December 8, 2021           w/Douglas I. Durfee (w/consent)_____
                                  Douglas I. Durfee (P56156)
                                  Attorney for Defendant Byrne